NOT RECOMMENDED FOR FULL-TEXT PUBLICATIONS

## No. 08-4439

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

NOV 0 3 2008

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| Derek Hamilton, et al., | ) | |
| | ) | |
| Plaintiff-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Ashland County Board of Elections, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.

This notice is to be prominently displayed if this decision is reproduced.

**BEFORE: GIBBONS and COOK, Circuit Judges; STEEH, District Judge.**[*]

Before the court is plaintiffs-appellants' emergency motion for delivery of provisional ballots and to expedite the appeal so that a determination of the merits can be made within ten days, a period provided under Ohio law within which a voter may take further steps to have his provisional ballot counted. Defendants-appellees have responded to the motion.

The court has carefully considered the district court record and the filings of the parties in this court and denies the requested relief. While a review of Ohio statutes relating to provisional ballots reveals that they are permitted in a variety of circumstances, none of the statutes contemplates their use in a situation where election officials deliver them to persons who have been denied absentee ballots. Consequently, plaintiffs have failed to establish a likelihood of success on the issue of their entitlement to the relief sought.

---

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

With respect to the request to expedite the appeal, the court concludes that the federal constitutional issues can be resolved on the basis of the record and briefing in the district court. The district court's rulings with respect to the due process, equal protection, and First Amendment claims are affirmed for the reasons stated in its Memorandum Opinion and Order of October 31, 2008.

The remaining issue is the state law issue involving the proper interpretation of O.R.C. § 3503.04. While plaintiffs may have a viable argument with respect to this issue, we decline to exercise supplemental jurisdiction over this state law claim and for this reason make no finding as to the likelihood of success on this issue. Ordinarily, the resolution of a state law claim by the district court might argue for the retention of jurisdiction by the appellate court. Here, however, timing strongly suggests that a more efficient resolution of the litigation may be achieved by allowing plaintiffs to pursue their state law claim in state court. Our denial of the relief of delivery of provisional ballots means that, even if we were to resolve the state claim in plaintiffs' favor eventually, plaintiffs would have no opportunity to vote in this election. Our dismissal of the state claim without prejudice will allow plaintiffs to pursue this claim in state court tomorrow, at a time when a state court could in fact, if it chose, grant plaintiffs the relief they seek or perhaps other relief, if its conclusions about delivery of provisional ballots differ from ours. And dismissal will permit the state courts to interpret the state election statutes with respect to residency, a task more appropriately undertaken by the state courts than by federal courts.

The district court's dismissal of the state claim on the merits is vacated, and the state claim is dismissed without prejudice. The district court's judgment on the federal claims is affirmed.

ENTERED BY ORDER OF THE COURT

Leonard Green, Clerk